# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN BRYAN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. No.: 1:17-CV-10857-NMG |
| | ) |
| LARK HOTELS, LLC, | ) |
|     Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, LARK HOTELS, LLC'S EMERGENCY MOTION TO REMOVE ENTRY OF DEFAULT

### BACKGROUND

This case involves a claim for personal injuries and consequential damages arising out of an incident in which the Plaintiff, Dawn Bryan, allegedly fell inside a hotel room while a guest at Summercamp, a hotel located in Oak Bluffs, Massachusetts and managed by Lark Hotels, LLC ("Lark"). See Plaintiff's Complaint, ¶¶ 7-8. The Plaintiff claims that she sustained an injury to her right leg and shoulder allegedly caused by a bedframe that had "unusually and unreasonably" sharp edges. See Plaintiff's Complaint, ¶ 9. The alleged incident occurred on or about September 1, 2016. See Plaintiff's Complaint, ¶ 7.

On May 15, 2017 the Plaintiff filed suit against Lark. The Plaintiff reportedly made service on Lark on May 31, 2017. Based on this date of service, an answer or responsive pleading of Lark to the Plaintiff's Complaint would have been due on June 21, 2017. The Plaintiff applied for a default against Lark and the Court entered the default on July 6, 2017, just two weeks after the responsive pleading was due.

The insurer for Lark, Hudson Insurance Group ("Hudson"), did not receive notice of the filing of this lawsuit against Lark until July 10, 2017 when it received a copy of the Summons and Complaint from Carol Constantine, senior claims adjuster for Custard Insurance Adjusters, a

company retained by Hudson to conduct a pre-suit investigation regarding the Plaintiff's claims. See Affidavit of Carol Constantine ¶¶ 1-2, attached hereto as Exhibit 1. Ms. Constantine had been informed of the lawsuit by Lark's insurance broker, Eastern Insurance, on June 5, 2017. See id., at ¶ 3; see also Affidavit of Christopher Tibbetts ¶ 3, attached hereto as Exhibit 2. Ms. Costantine then believed that she had immediately forwarded the Summons and Complaint to Hudson as she would have done as a matter of practice, but she has no proof of sending such an email and so she may have inadvertently failed to forward the Summons and Complaint to Hudson. See Affidavit of Carol Constantine ¶ 3, attached hereto as Exhibit 1. On the same day that Hudson eventually learned that a lawsuit was filed against Lark – July 10, 2017 – it retained the undersigned counsel to represent its insured, Lark Hotels, LLC, in this case.

Undersigned counsel immediately made efforts to speak with all relevant individuals to determine what had transpired after the lawsuit was filed up until the time a default was entered against Lark. Since July 10, 2017 undersigned counsel has been working diligently to establish contact with individuals from Lark; Lark's insurance brokerage company, Eastern Insurance; and Carol Constantine, the adjuster for Custard Insurance Adjusters, to ascertain the reason for the late notice of the lawsuit to Hudson and to determine the basis for moving to vacate the entry of default so that an answer to the Plaintiff's Complaint could be filed and the Plaintiff's claim could be litigated and determined on its merits.

As stated in the attached Affidavit of Robert Blood, Chief Executive Officer for Lark, Lark's failure to timely file an answer to the Plaintiff's Complaint was not due to any fault or delay on the part of Lark since Mr. Blood, upon being served with the Summons and Complaint, promptly forwarded the Summons and Complaint to Lark's Director of Human Resources, Ellen Blood, who in turn promptly forwarded the Summons and Complaint to Lark's insurance broker,

Eastern Insurance. See Affidavit of Robert Blood ¶ 3, attached hereto as Exhibit 3. The Defendant did not delay in forwarding the Summons and Complaint to its insurance broker so that its insurer – Hudson – could retain counsel to timely file an answer or other responsive pleading to the Plaintiff's Complaint on Lark's behalf. At no time did Lark have any reason to believe that it was at risk of default. Upon receiving the notice of default on July 10, 2013 entered against Lark for Lark's failure to timely file an answer to the Plaintiff's Complaint, Mr. Blood immediately – that same day – notified Ms. Blood of same who in turn forwarded via email the notice of default to Eastern Insurance. See id. at ¶ 5. For the reasons stated below good cause exists for the removal of the default, and as such Lark's Motion should be allowed.

## ARGUMENT

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default "[f]or good cause". This standard is more lenient than the requirement of "excusable neglect" that applies to a motion to remove a default judgment under Fed. R. Civ. P. 60(b). Ungar v. PLO, 599 F.3d 79, 83 at n.3 (1st Cir. 2010). The "good cause" standard is a "liberal one" based on the policy justification that actions should be resolved on their merits. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989); Avci v. Breenan, 2017 U.S. Dist. LEXIS 17813, *2 (D. Mass. 2017) (Gorton, J.).

The "good cause" standard is "mutable" and case-specific. Coon, 867 F.2d at 76. Factors applicable to the consideration of "good cause" include (1) whether the default was willful; (2) the nature of defendant's explanation for the default; (3) the timing of the motion; (4) whether plaintiff will be prejudiced by the removal of the default; (5) the good faith of the parties; and (6) whether defendant has presented a meritorious defense. McKinnon v. Quong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996). Accord, Green v. Boston, 1997 U.S. App. LEXIS 35886 (1st Cir., Dec. 19, 1997).

The fair consideration of these factors in light of the circumstances of this case "overwhelming predominates" in favor of allowing Lark's motion to remove entry of default. Green, supra at *2. It should be clear that Lark did *not* "willfully" invite the entry of a default. Cf. McKinnon, supra at 504 (held, record supported district court's finding that defaulted defendants were aware of the pending lawsuit "but hoped that it 'would all go away'"). To the contrary, as evidenced by the attached Affidavits, Mr. Blood acted diligently on Lark's behalf in immediately giving the Summons and Complaint to Ellen Blood, the Director of Human Resources for Lark, who in turn promptly forwarded same to Mark Kingston of Eastern Insurance, Lark's insurance broker. See Affidavit of Christopher Tibbetts and Affidavit of Robert Blood ¶¶ 2-3, attached hereto as Exhibits 2 and 3, respectfully.

Furthermore, Lark has also acted diligently since receiving notice of the entry of default. Immediately upon receiving notice that a default was entered against Lark for Lark's failure to timely file an answer to Plaintiff's Complaint, Mr. Blood immediately – that same day – notified Ms. Blood of same who in turn forwarded via email the notice of default to their insurance broker, Christopher Tibbetts of Eastern Insurance, again expecting that Hudson would assign counsel to defend Lark in this matter. See Affidavit of Christopher Tibbetts ¶¶ 5-6 and Affidavit of Robert Blood ¶¶ 4-5, attached hereto as Exhibits 2 and 3, respectfully; cf. Bieros v. Nicola, 851 F. Supp. 681, 683 (Ed. Pa. Apr. 29, 1994) (denying Plaintiff's motion for default judgment where delay was due to professional liability insurance carrier's slowness in approving and appointing counsel to represent Defendants, because delay was not directly attributable to Defendants or their counsel, the Plaintiff was not prejudiced, and there was evidence of meritorious defenses). A lapse of approximately three weeks since the entry of default on July 6, 2017 is a relatively short delay in the proceedings. In any event, the First Circuit has repeatedly stated that mere delay without more

is not prejudicial. See KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003) ("in the context of a Rule 55(c) motion, delay in and of itself does not constitute prejudice"); FDIC v. Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989) ("[t]he issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion").

The Plaintiff will suffer no prejudice by the Court's removal of the default against Lark. The alleged incident occurred on September 1, 2016, just less than one year ago, and any delay in litigating this case caused by the delay in filing an answer is inconsequential and the Plaintiff certainly cannot complain that the memories of witnesses will have faded or that other evidence may have been lost as a result of this short delay. Additionally, the Plaintiff cannot argue persuasively that she will be prejudiced if the default is removed merely because she will now be required to litigate her claims against Lark on the merits. See Coon, supra at 77.

Indeed, in the interests of expediting the proceedings and avoiding further delay, Lark is prepared to immediately file an answer to the Complaint upon being notified that the default has been removed. Lark is clearly *not* engaging in dilatory tactics, but instead is actively seeking to put this case "back on track". Once the Court has removed the default and Lark has been afforded the opportunity to file its answer, discovery and other pretrial activity can resume without any further delay.

The Court should also consider that Lark has meritorious defenses to this action and, in fact, Hudson outright denied the Plaintiff's claim following a pre-suit investigation. Lark should be permitted to defend the case on its merits and to establish its defense to the Plaintiff's allegations. In order to prevail on her negligence claim the Plaintiff must demonstrate: "1) a legal duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) proximate or legal cause;

and 4) actual damage or injury." Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522 (1st Cir. 1990). As with any property owner, Lark owed the Plaintiff "a duty to use reasonable care to maintain its property in reasonably safe condition 'in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.'" Clairmont v. Target Corp., 2012 U.S. Dist. LEXIS 176722, *11 (D. Mass. Dec. 13, 2012) (Ponsor, J.), quoting Sheehan v. Roche Bros. Supermarkets, 448 Mass. 780, 783-784 (2007). Furthermore, in this premises liability case the Plaintiff has the burden of proving that there was a defect on the premises, that Lark can be held liable for the existence of the defect, and that Lark knew or should have known of the defect and had a reasonable opportunity to correct it prior to the accident in question but failed to do so. Maishya v. Harvard Vanguard Assoc., Inc., 2012 Mass. Super LEXIS 41, *4 (Feb. 13, 2012).

Contrary to the allegations in the Plaintiff's Complaint, Lark disputes that the bedframe at issue was "dangerously sharp" or otherwise defective, and as such, contends that the Plaintiff will be unable to prove that Lark breached any duty owed to her. Moreover, Lark contends that the Plaintiff simply tripped and fell on her own accord inside her hotel room on the premises managed by Lark and not as a result of any alleged negligence on the part of Lark, and, therefore, any injuries the Plaintiff may have sustained after she tripped were not proximately caused by Lark's conduct.[1]

Thus, the case involves claims that are sufficiently disputed, *i.e.*, whether there was actually negligence on the part of Lark which proximately caused the accident in question and claimed injuries. Lark is *not* obligated, at this juncture, to demonstrate a likelihood of success on the merits; in order to proffer a "meritorious defense" it is only required to "plausibly suggest the existence

---

[1] Indeed, the Plaintiff's Complaint is devoid of any allegation that the Plaintiff fell due to any alleged negligence on the part of Lark. Rather, the Plaintiff simply avers that "[d]uring the exercise of due care through no fault of her own, Plaintiff was caused to fall in her room." See Plaintiff's Complaint, ¶ 8. The Plaintiff further avers that she "fell against the bed frame in the room." See id. at ¶ 9.

6

of facts which, if proven at trial, would constitute a cognizable defense." <u>Coon</u>, supra at 77; <u>see also</u> <u>Indigo Am., Inc. v. Big Impressions, LLC</u>, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious defense is not a particularly arduous task."). Lark deserves the opportunity to establish a defense against the Plaintiff's negligence claim.

In assessing whether to permit removal of the entry of default, the Court "should resolve doubts in favor of a party seeking relief from the entry of a default." <u>Coon</u>, supra at 76. As the First Circuit observed in <u>Coon</u>, both the philosophy that cases should be resolved on the merits and the command of Rule 1, *i.e.*, that the rules of civil procedure should be "construed to secure the *just*, … determination of every action [,]" are indicative that those "policy considerations [] … are at their zenith in the Rule 55(c) milieu." <u>Id</u>. at 76. The present case is certainly one in which such "doubts", if any, with respect to the merits of Lark's Motion are insufficient to warrant the punitive outcome resulting from a default. As discussed in detail herein and as stated in the attached Affidavits, Lark has acted with absolute expediency at every turn from the point it was initially served with the Summons and Complaint and to hold it accountable for any delay in the proceedings would be a grave injustice.

## **CONCLUSION**

**WHEREFORE**, based upon the foregoing, Lark Hotels, LLC's Emergency Motion for Relief from the Entry of Default should be **ALLOWED**.

<pre>
                              DEFENDANT
                              Lark Hotels, LLC
                              By its Attorney,



                                   /s/ Richard J. Riley
                              Richard J. Riley, BBO #420610
                              RRiley@MurphyRiley.com
                              Murphy & Riley, P.C.
                              101 Summer Street
                              Boston, MA 02110
                              (617) 423-3700
</pre>

**DATED:** July 28, 2017

## CERTIFICATE OF SERVICE

I, Richard J. Riley, do hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the CM/ECF system of the United States District Court for the District of Massachusetts on this 28 day of July, 2017.

                          */s/ Richard J. Riley*