```
                    United States District Court
                      District of Massachusetts
 _____
                               )
DAWN BRYAN,                    )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    17-10857-NMG
LARK HOTELS, LLC,              )
                               )
        Defendant.             )
 _____)
```

MEMORANDUM & ORDER

**GORTON, J.**

This case arises from a personal injury that plaintiff Dawn Bryan ("plaintiff" or "Bryan") allegedly suffered after a fall in a hotel managed by defendant, Lark Hotels, LLC ("Lark" or "defendant"). Plaintiff contends that Lark was negligent in its operation of the hotel because the bed frame in her hotel room had unreasonably sharp edges that caused an injury to her right leg. Pending before this Court are defendant's emergency motion to set aside the default (Docket No. 10) and plaintiff's motion for entry of default judgment (Docket No. 17). For the following reasons, defendant's motion will be allowed and plaintiff's motion will be denied.

I. **Background**

Plaintiff filed her complaint on May 15, 2017 and Lark was served shortly thereafter. No responsive pleading was filed

before it was due on June 21, 2017. On July 6, 2017, plaintiff requested and was granted entry of default. On July 28, 2017, defendant filed an emergency motion to set aside the default which plaintiff opposed on August 4, 2017. On August 23, 2017, plaintiff filed a motion for entry of default judgment which was timely opposed by defendant.

## II. **Defendant's Motion to Set Aside Default and Plaintiff's Motion for Entry of Default Judgment**

Pursuant to Fed. R. Civ. P. 55(c), entry of default can be set aside for "good cause". That standard is a "liberal one" based upon the policy justification that actions should be resolved on their merits. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). The "good cause" standard is not applied formulaically and instead turns on the unique facts of each case. McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996). In determining whether entry of default should be set aside, a district court should consider:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion.

Id. (citing Coon, 867 F.2d at 76).

In its motion to set aside the default, Lark suggests that its conduct did not willfully invite a default and that it has acted diligently since receiving the subject notice. Lark

-2-

contends that plaintiff will suffer no prejudice by the removal of default and that it has meritorious defenses to this action. Plaintiff rejoins that defendant's justification is vague and fails to demonstrate good cause.

Although plaintiff correctly notes that Lark's rationale for failing to answer or file a responsive pleading is equivocal, it does not ring of bad faith or willfulness. Contra McKinnon, 83 F.3d at 503 (affirming the district court's determination that defendants defaulted willfully because they were aware of the pending legal problem but hoped that it "would all go away"). Here, Lark alludes to the failure of an agent of its insurer, Custard Insurance Adjusters, to forward the summons and complaint pursuant to her normal practice and procedure. While that explanation is disconcerting, it does not suggest that Lark's employees or agents acted in bad faith. Furthermore, Lark sought to remove the default soon after it was entered.

The prejudice factor similarly cuts against Ms. Bryan. If entry of default is set aside, plaintiff's recovery, if she becomes entitled to one, will have been delayed. In the context of Fed. R. Civ. P. 55(c), however, "delay in and of itself does not constitute prejudice". KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003). Furthermore, Lark has presented a potentially meritorious defense against plaintiff's

claim of negligence.  Lark contends that plaintiff will be unable to show that Lark breached any duty owed to her because the bedframe was not dangerously sharp and plaintiff fell on her own accord.  Establishing a meritorious defense is "not a particularly arduous task" and a party's contentions "need only suggest the existence of facts which, if proven at trial, would constitute a cognizable defense".  Indigo Am., Inc. v. Big Impressions LLC, 597 F.3d 1, 4 (1st Cir. 2010) (citing Coon, 867 F.2d at 77).  Defendant has met that low bar here.

Taken together, those factors countenance in favor of allowing defendant the opportunity to defend the case on its merits.  The Court concludes that there is good cause to allow defendant's motion to set aside the default.

### ORDER

For the foregoing reasons, defendant's motion to set aside the default (Docket No. 10) is **ALLOWED** and plaintiff's motion for entry of default judgment (Docket No. 17) is **DENIED**.

**So ordered.**

                                  /s/ Nathaniel M. Gorton_____
                                  Nathaniel M. Gorton
                                  United States District Judge

Dated November 7, 2017